IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PIERRE R. PAGE,

                        Petitioner,

v.                                                  OPINION and ORDER

BRAD KOSBOB,                                     21-cv-698-jdp

                        Respondent.

---

Petitioner Pierre Page seeks relief under 28 U.S.C. § 2254. Rule 4 of the Rules Governing § 2254 Cases requires me to examine the petition and supporting exhibits and dismiss the petition if it "plainly appears" that Page is not entitled to relief. I may take judicial notice of records in Page's underlying state court proceedings when reviewing the petition under Rule 4. *See Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983); *Sample v. Marske*, No. 21-CV-445-WMC, 2021 WL 5356447, at *1 (W.D. Wis. Nov. 17, 2021). I will deny the petition because it plainly appears that Page is not entitled to relief.

BACKGROUND

I take the following background from the state court of appeals' decision summarily affirming Page's judgment of conviction. *State v. Page*, No. 2019AP888-CRNM, 2020 WL 13357579 (Wis. Ct. App. Aug. 27, 2020).

Page went to trial on three counts of delivering heroin to a confidential informant (CI). *Id.* at *1. The jury found Page guilty on all counts. *Id.* The circuit court imposed a 10-year sentence. *Id.* Page appealed.

Page's attorney filed a no-merit report seeking to withdraw as appellate counsel. *Id.* Page filed a response. *Id.* "Upon consideration of the report, the response, and an independent review of the record," the state court of appeals concluded that there was "no arguable merit to any issue that could be raised on appeal." *Id.* The state supreme court denied Page's petition for review without comment. *State v. Page*, 2022 WI 84.

ANALYSIS

Federal courts may grant habeas relief only if the state court's denial of relief "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1)–(2). A state court's adjudication is "contrary to" clearly established Supreme Court precedent if the court either: (1) reaches a conclusion on a question of law opposite to that reached by the Supreme Court; or (2) decides a case differently than the Supreme Court has on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). Under § 2254(d)(1)'s "unreasonable application" clause, courts may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the case. *Id.* at 413. For the application to be unreasonable, a state prisoner "must show that the state court's decision is so obviously wrong that its error lies beyond any possibility for fairminded disagreement." *Shinn v. Kayer*, 141 S. Ct. 517, 523 (2020) (per curiam). Similarly, for a state court's factual finding to be unreasonable, there must be no possibility of reasonable agreement with the finding. *See Brumfield v. Cain*, 576 U.S. 305, 313–14 (2015); *Wood v. Allen*, 558 U.S. 290, 301–02 (2010).

2

When applying § 2254(d), courts look to "the last reasoned state-court decision to decide the merits of the case, even if the state's supreme court then denied discretionary review." *See Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (en banc); *see also Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). Review under § 2254(d) is limited to the state-court record. *See Shoop v. Twyford*, 142 S. Ct. 2037, 2043–44 (2022); *Dunn v. Neal*, 44 F.4th 696, 702 (7th Cir. 2022). The petitioner bears the burden to show an error under § 2254(d). *See Westray v. Brookhart*, 36 F.4th 737, 746 (7th Cir. 2022).

**A. Claim 1**

In claim 1, Page raises two distinct claims. First, Page contends that the state arrested him without probable cause in violation of the Fourth Amendment. Dkt. 1 at 3–4. In support, Page alleges that his criminal complaint stated that the CI had received a wire and digital recorder. *Id.* But an investigating officer testified at trial that the CI "was instructed to use his own personal phone." Dkt. 1 at 4. Second, Page contends that the state's failure to preserve allegedly exculpatory text messages between him and the CI violated due process. *Id.* Based on the allegations supporting these two claims, Page also contends that his right to present a complete defense was violated. *Id.*

In rejecting Page's contention that the state arrested him without probable cause, the state court of appeals reasoned: "Even if Page's arrest could be challenged on that basis, we conclude that further postconviction proceedings on this potential suppression issue would be frivolous. Nothing in the record or in Page's response indicates that Page's arrest led to any evidence used to secure his conviction." *Page*, 2020 WL 13357579, at *3.

An illegal arrest, standing alone, is an insufficient ground to vacate a conviction under § 2254. *See Sanders v. Israel*, 717 F.2d 422, 423 (7th Cir. 1983). Page himself is not

a suppressible "fruit" under the exclusionary rule, and the illegality of his detention does not stop the state from proving his guilt by introducing evidence wholly untainted by the alleged police misconduct. *See United States v. Crews*, 445 U.S. 463, 474 (1980). "[T]he exclusionary rule reaches not only primary evidence obtained as a direct result of an illegal search or seizure, but also evidence later discovered and found to be derivative of an illegality or 'fruit of the poisonous tree.'" *Segura v. United States*, 468 U.S. 796, 804 (1984) (citation omitted). The exclusionary rule does not apply if "the connection between the illegal police conduct and the discovery and seizure of the evidence is so attenuated as to dissipate the taint." *Id.* at 805.

Page argues that the exclusionary rule applies to the officer's testimony. *See* Dkt. 1 at 4. Page reasons that, because the trial testimony was inconsistent with the criminal complaint, it was a suppressible "fruit" of his allegedly illegal arrest. *See id.* I will assume for screening purposes that the state relied on a false statement (that the CI received a wire and digital recorder) to arrest Page.[1] But Page has not alleged any causal connection between this reliance and the inconsistent trial testimony. Page has not shown that the inconsistent trial testimony or any other evidence stemmed from his allegedly illegal arrest. *See Page*, 2020 WL 13357579, at *3. The record plainly shows that the state court of appeals reasonably rejected this claim.

Separately, Page contends that the state violated due process by failing to preserve alleged exculpatory text messages between him and the CI. *See* Dkt. 1 at 4. In rejecting this

---

[1] The petition is not clear about how the trial testimony conflicts with the officer's pretrial statements used to establish probable cause for the arrest. The court of appeals decision says that the officer testified that the CI was instructed to use his personal phone *to set up* the drug transactions. *Page*, 2020 WL 13357579, at *2. That is not inconsistent with the officer's investigatory statements that the CI was given a digital device *to record* the transactions. Dkt. 1-3. Nevertheless, I'll assume for purpose of screening the petition that the officer's trial testimony was inconsistent with the officer's prior statements.

4

claim, the state court of appeals reasoned: "There is no factual support in the record to argue that the text messages were apparently exculpatory or that the officers acted in bad faith." *Page*, 2020 WL 13357579, at *3.

To establish a due process violation based on the state's failure to preserve evidence, Page must first show that the government failed to preserve the evidence in bad faith. *See Jones v. McCaughtry*, 965 F.2d 473, 477 (7th Cir. 1992). To prove bad faith, Page must show "official animus or a conscious effort to suppress exculpatory evidence," *id.* (citation omitted), which "turns on an official's subjective knowledge that the evidence in question had exculpatory value" when the state failed to preserve it, *see United States v. Bell*, 819 F.3d 310, 318 (7th Cir. 2016). If Page can establish bad faith, he then must show that "the evidence possessed exculpatory value apparent before it was destroyed and that it was of such a nature that he was unable to obtain comparable evidence by other means." *Jones*, 965 F.2d at 477; *see also Bell*, 819 F.3d at 318 ("Only if bad faith is shown does the court consider the constitutional materiality of the evidence in question . . . .").

Here, Page has not alleged any facts suggesting that the state acted in bad faith in failing to preserve the CI's text messages. Page's allegations are conclusory; he simply assumes that the text messages were exculpatory. Such "mere speculation" fails to establish that the state's failure to preserve evidence violated due process. *See Jones*, 965 F.2d at 479; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) (section 2254 petitions have "heightened pleading requirements"); *Mayberry v. Dittmann*, 904 F.3d 525, 532 (7th Cir. 2018) ("The district court need not hold an evidentiary hearing for vague or conclusory allegations."). The record plainly shows that the state court of appeals reasonably rejected this claim.

Page bases his contention that he was not allowed to present a complete defense on the same allegations on which he bases the other two claims he raises in claim 1. But these allegations do not suggest that any "arbitrary" rules "excluded important defense evidence" without serving "any legitimate interests." *See Holmes v. South Carolina*, 547 U.S. 319, 325 (2006). I deny this frivolous claim outright even though the court of appeals didn't address it. *See* 28 U.S.C. § 2254(b)(2) (court may deny petition on the merits even if claim is unexhausted).

## B.  Claim 2

Page contends that a juror was biased against him because she had two cousins who were police officers. Dkt. 1 at 5. The state court of appeals rejected Page's claim that the "jury was unconstitutionally biased against him because most of the jurors had a relationship to law enforcement." *Page*, 2020 WL 13357579, at *3. The court reasoned: "Although several individuals in the jury pool stated that they were correctional officers or that they had a close relationship with someone in law enforcement, none of those potential jurors served on the jury." *Id.* The court added in a footnote that "[o]ne juror who stated that she had two cousins who were police officers served on the jury." *Id.* at *3 n.4.

"Both the Fifth Amendment right to due process and the Sixth Amendment right to an impartial jury protect a defendant against juror bias." *United States v. Torres-Chavez*, 744 F.3d 988, 997 (7th Cir. 2014). "These rights guarantee a jury capable and willing to decide the case solely on the evidence before it, and consistent with the trial court's instructions." *Id.* (citations omitted); *see also Irvin v. Dowd*, 366 U.S. 717, 723 (1961) ("It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court."). A juror's mere relationship to a law enforcement officer is not a basis to strike

a juror for cause. *See United States v. Brodnicki*, 516 F.3d 570, 575 (7th Cir. 2008); *United States v. Beasley*, 48 F.3d 262, 266 (7th Cir. 1995); *United States v. Nururdin*, 8 F.3d 1187, 1190 (7th Cir. 1993).

Here, Page alleges that a juror was biased against him simply because she had two cousins who were police officers. Page does not allege any other facts to support his contention that this juror was biased against him. *See Scott*, 512 U.S. at 856; *Mayberry*, 904 F.3d at 532. Nor does Page allege that this juror stated that she could not be impartial or otherwise expressed any bias toward him. *See Brodnicki*, 516 F.3d at 575; *United States v. Graves*, 418 F.3d 739, 743 (7th Cir. 2005); *Beasley*, 48 F.3d at 267; *Nururdin*, 8 F.3d at 1191. I will not allow Page to proceed on this plainly deficient claim.

**C.  Claim 3**

In claim 3, Page contends that the trial judge displayed bias against him in denying his argument that the state unlawfully failed to preserve the text messages. Dkt. 1 at 5–6. Page emphasizes that, in denying this argument, the trial judge stated, "I'm saying they never had it so that gets rid of that." Dkt. 1-2 at 4. Although his argument is not clear, Page contends that this statement suggests bias. *See* Dkt. 1 at 6. In rejecting this claim, the state court of appeals reasoned: "We see nothing in the record to support a claim of judicial bias or partiality, and Page makes no specific allegations to support such a claim." *Page*, 2020 WL 13357579, at *3.

Due process "requires a fair trial in a fair tribunal, before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997). An "appearance of bias" may violate due process if there "was at least some risk of actual bias based on facts known to the judge at the time." *See Suh v. Pierce*,

630 F.3d 685, 692 (7th Cir. 2011). "Courts presume that judges are honest, upright individuals who rise above biasing influences." *United States v. Williams*, 949 F.3d 1056, 1061 (7th Cir. 2020). A judge should recuse himself if he becomes "personally embroiled with a litigant," *id.*, but mere unfavorable rulings fail to show judicial bias, *see Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 719 (7th Cir. 2004). A judge's "remarks during a proceeding that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases do not ordinarily establish bias." *See United States v. Barr*, 960 F.3d 906, 920 (7th Cir. 2020).

Here, the record shows that the trial judge considered and denied Page's argument that the state unlawfully failed to preserve the text messages. Dkt. 1-2. This mere unfavorable ruling does not show judicial bias. The judge's statement that "I'm saying they never had it so that gets rid of that" simply reflected the judge's determinations that Page had not shown that there were any exculpatory messages or that the officers had collected exculpatory messages and failed to preserve them. *See* Dkt. 1-2 at 4. The state court of appeals reasonably rejected this claim.

In claim 3, Page raises the separate contention that the trial court erred in admitting "three recordings" because they were allegedly inaudible, unintelligible, and untrustworthy. Dkt. 1 at 6. Page does not allege any facts to support this claim, and objects to their admission only on evidentiary grounds. *See id.*

I deny this conclusory claim outright. State court evidentiary errors do not normally entitle a defendant to federal habeas relief. *Anderson v. Sternes*, 243 F.3d 1049, 1053 (7th Cir. 2001). Habeas relief is appropriate only if the evidentiary rulings were so prejudicial that they compromised the petitioner's due process right to a fundamentally fair trial. *Id.* Here, Page has

8

alleged no facts suggesting that the admission of the three recordings deprived him of a fair trial. *See id.*; *see also Scott*, 512 U.S. at 856; *Mayberry*, 904 F.3d at 532.

In claim 3, Page also alleges a violation of equal protection. Dkt. 1 at 6. But his allegation is wholly conclusory; Page does not allege any facts to support this claim. *Id.* I deny this claim outright as well. *See Scott*, 512 U.S. at 856; *Mayberry*, 904 F.3d at 532.

### D. Evidentiary hearing

No evidentiary hearing is warranted because the petition is plainly deficient. *See Dittmann,* 904 F.3d at 532; *see also Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (district court need not hold evidentiary hearing when the record precludes habeas relief).

### E. Certificate of appealability

Because Page seeks relief under § 2254, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Page makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, Page "must demonstrate that reasonable jurists would find [my] assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Because Page cannot so show, I will deny a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner's petition, Dkt. 1, is DENIED, and a certificate of appealability is DENIED.

9

2. The clerk of court is directed to enter judgment accordingly and send petitioner a copy of this order.

Entered January 23, 2023.

                                                BY THE COURT:

                                                /s/

                                                _____
                                                JAMES D. PETERSON
                                                District Judge